T.C. Memo. 2002-132

UNITED STATES TAX COURT

SHADE D. COLEMAN III AND MARIA M. COLEMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5995-01L.                    Filed May 30, 2002.

Shade D. Coleman III and Maria M. Coleman, pro sese.

<u>Karen Baker</u> and <u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's motion for summary judgment pursuant to
Rule 121.[1]  Respondent contends that there is no dispute as to

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

any material fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioners' outstanding tax liabilities for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter

of law.  Accordingly, we shall grant respondent's motion for summary judgment.

Background

On July 8, 1998, petitioners submitted to respondent a joint Form 1040, U.S. Individual Income Tax Return, for 1997. Petitioners entered zeros on every line of the income section of the Form 1040, specifically including line 7 for wages, line 22 for total income, and line 32 for adjusted gross income.

On October 15, 1999, respondent issued a joint notice of deficiency to petitioners determining a deficiency of $3,838.20 in their Federal income tax for 1997, an addition to tax under section 6651(a) of $249.90, and an accuracy-related penalty of $333.21.  The deficiency was based principally on respondent's determination that petitioners failed to report wage income and a taxable distribution from a retirement account.

On January 11, 2000, petitioners wrote a letter to respondent acknowledging receipt of the notice of deficiency dated October 15, 1999, and challenging its validity. Petitioners did not file a petition for redetermination with the Court challenging the notice of deficiency.

On March 20, 2000, respondent entered assessments against petitioners for the deficiency, addition to tax, and accuracy-related penalty determined in the notice of deficiency described above.  Respondent also entered an assessment against petitioners

for statutory interest. On the day the assessments were entered, respondent issued to petitioners a notice of balance due informing petitioners that they owed tax for 1997 and requesting that they pay such amount. On April 24, 2000, respondent issued a second notice of balance due to petitioners for 1997. Petitioners failed to pay the amount owing.

On September 18, 2000, respondent mailed petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to their tax liabilities for 1997. On October 16, 2000, petitioners filed with respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioners' request included a challenge to the validity of the assessments and assertions that respondent failed to serve petitioners with a valid notice and demand for payment or valid notice of deficiency.

On February 26, 2001, Appeals Officer Tony Aegir conducted an Appeals Office hearing in this matter that petitioners attended. Petitioners were provided with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to the taxable year 1997.

On April 4, 2001, respondent issued petitioners separate Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notices stated that the Appeals Office determined that it was appropriate to proceed with the

collection of petitioners' outstanding tax liabilities.  On
May 7, 2001, petitioners filed with the Court a joint petition
for lien or levy action seeking review of respondent's notices of
determination.[2]

As indicated, respondent filed a motion for summary judgment
asserting that there is no dispute as to a material fact and that
respondent is entitled to judgment as a matter of law.  In
particular, respondent contends that, because petitioners
acknowledge that they received the notice of deficiency dated
October 15, 1999, they cannot challenge the existence or amount
of their underlying tax liability for 1997 in this proceeding.
Respondent further asserts that the Appeals officer's review of
Form 4340 with regard to petitioners' account for 1997 satisfied
the verification requirement imposed under section 6330(c)(1) and
demonstrates that petitioners were issued a notice and demand for
payment.

Petitioners filed an objection to respondent's motion.
Thereafter, pursuant to notice, respondent's motion was called
for hearing at the Court's motions session in Washington, D.C.

Discussion

Section 6331(a) provides that if any person liable to pay
any tax neglects or refuses to pay such tax within 10 days after

---

[2] At the time that the petition was filed, petitioners resided in Las Vegas, Nev.

notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v.

Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioners challenge the assessments entered against them on the ground that the notice of deficiency dated October 15, 1999, is invalid. However, the record shows that petitioners received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with the Court. It follows that section 6330(c)(2)(B) bars petitioners from challenging the existence or amount of their underlying tax liability in this collection review proceeding.

Even if petitioners were permitted to challenge the validity of the notice of deficiency, petitioners' argument that the notice is invalid because respondent's District Director is not properly authorized to issue notices of deficiency is frivolous and groundless. See Nestor v. Commissioner, 118 T.C. 162, 167 (2002); Goza v. Commissioner, supra. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We likewise reject petitioners' argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that the Appeals officer obtained, reviewed, and provided to petitioners a copy of, a transcript of account (Form 4340) with regard to petitioners' taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that the Form 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v.

Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account. See Nestor v. Commissioner, supra; Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioners also contend that they never received a notice and demand for payment for 1997. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.

The Form 4340 that was provided to petitioners during the administrative process shows that respondent issued to petitioners a notice of balance due on the same date that respondent entered assessments against petitioners for the tax, addition to tax, and accuracy-related penalty set forth in the notice of deficiency. We hold that a notice of balance due constitutes a notice and demand for payment within the meaning of

section 6303(a).  See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra.

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notices of determination dated April 4, 2001.

As a final matter, we mention section 6673(a)(1), which authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalties in collection review cases.  Pierson v. Commissioner, 115 T.C. 576 (2000). Although we shall not impose a penalty on petitioners pursuant to section 6673(a)(1) in the present case, we admonish petitioners that the Court will consider imposing such a penalty should they return to the Court in the future and advance similar arguments.

To reflect the foregoing,

> An order and decision will be entered granting respondent's motion for summary judgment.